UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------x
                                             :
ARLENE JOHNSON,                              :
                                             :
                      Plaintiff              :        11 Civ. 2816 (TPG)
                                             :
           – against –                       :
                                             :        **OPINION**
DAVIDSON BROTHERS, INC., AND                 :
TIMOTHY A WIAN,                              :
                                             :
                      Defendants.            :
--------------------------------------------x
```

Plaintiff Arlene Johnson, a New York resident, commenced this personal injury negligence action on January 26, 2011 in Supreme Court, Bronx County, by filing a Summons and Verified complaint against defendants Davidson Brothers, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania, and Timothy A. Wian, a Pennsylvania resident. Defendants removed the case to this court on April 26, 2011. Plaintiff now moves to remand the action on the grounds that defendants' notice to remove was untimely filed.

Plaintiff's motion is denied.

## BACKGROUND

Plaintiff alleged in her complaint that on September 16, 2010, defendant Wian, in the course of his employment with Davidson Brothers, negligently crashed a tractor trailer truck into plaintiff's vehicle on a southbound stretch of the Cross Bronx Expressway near Jerome Avenue in the Bronx. Plaintiff's

complaint alleges that as a result of this collision she suffered serious physical injuries, mental anguish, lost earnings, and diminishment of her earning capacity. However, pursuant to N.Y.C.P.L.R. § 3017(c) (Consol. 2011), the complaint did not include a demand for a specific sum in damages.

On February 10, 2011, defense counsel called plaintiff's counsel regarding an extension of time to answer the complaint. During this conversation, the parties discussed the injuries at issue in the case, but plaintiff's counsel did not specify the dollar amount of damages sought. Consequently, on February 28, 2011, defendants served plaintiff with a supplemental demand for specification of damages sought pursuant to N.Y.C.P.L.R. § 3017(c). On March 28, 2011, defendants received plaintiff's written response, wherein she demanded $1,350,000 in damages.

On April 26, 2011, defendants removed the case to federal court. On May 19, 2011, plaintiff filed the present motion for remand on the sole ground that defendants' notice of removal was untimely filed.

## Discussion

28 U.S.C. § 1446(b) provides that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." However, if the initial pleading does not reveal whether the case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained" that the case is removable. Id.

To trigger this thirty-day period, the pleading or paper must enable "the defendant to intelligently ascertain removability from the face" of the document. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-206 (2d Cir. 2001). "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." Id.

Plaintiff contends that the initial verified complaint and the conversation of February 10, 2011 provided defendants with sufficient information to reasonably ascertain that plaintiff would demand relief in excess of the $75,000 necessary for this court to have jurisdiction. Hence plaintiff argues that the thirty-day period for filing a notice of removal began at the latest on February 10, 2011, which would have made March 14, 2011 the last day to file a notice of removal. Defendants, on the other hand, claim that they only learned of facts sufficient for removal when plaintiff demanded $1,350,000 in damages on March 28, 2011. Using that starting date, defendants' notice of removal was timely filed on April 26, 2011.

As an initial matter, the court disregards counsels' telephone call of February 10, 2011, as an oral conversation is neither a "pleading" nor "other paper" capable of triggering the thirty-day filing period set forth in 28 U.S.C § 1446(b). Thus remand is only appropriate in this case if the complaint triggered that thirty-day period.

As noted above, the Second Circuit has indicated that defendants need not look beyond the face of an initial pleading to determine whether a case is removable. See Whitaker, 261 F.3d at 206. Accordingly, district courts do not require defendants to speculate about the quanta of damages sought by a plaintiff where the initial pleading contains only qualitative description of plaintiff's injuries and requested relief. See, e.g., Keenan v. Macy's, Inc., No. 10 Civ. 4672, 2010 WL 3167731 (S.D.N.Y. Aug. 9, 2010); Newsome v. Artale, No. 09 Civ. 10196, 2010 WL 1257328 (S.D.N.Y. March 25, 2010). Indeed, Newsome confronted the precise issue currently before the court. In that case, a plaintiff moving to remand her negligence action alleged that a court filing "in which plaintiff describes her fall, medical care and injuries" triggered the thirty-day filing period of Section 1446(b). Id. at *1. But the court held that the period was triggered by plaintiff's subsequent response to defendant's supplemental demand under N.Y.C.P.L.R. § 3017(c). See id. at *2.  The court reasoned that a party should not have to investigate to determine the monetary value of described injuries in order to determine whether a pleading brings a case over the $75,000 threshold. See Id.

Plaintiff argues that courts have held that the filing period of Section 1446(b) can be triggered when a defendant is merely "aware" that the amount in controversy exceeds $75,000, relying on Vasquez v. J.M. Products, Inc., No. 04 Civ. 3019, 2004 WL 1124646 at *2 (S.D.N.Y. May 20, 2004). The court in that case relied on defendant's assertion that it became aware of the amount in controversy at a later date upon examining pictures of the plaintiff's injury and

assessed the timeliness of defendant's notice of removal by reference to that date. See id. This action implicitly endorses the argument that the thirty-day filing period can be triggered by qualitative descriptions—at least where those descriptions are photographic rather than verbal. It is doubtful that this holding is consistent with Section 1446(b) and with the Second Circuit's interpretation of that law in Whitaker. In any event, in the case subject to the present motion, no such photographic depictions of the injuries were provided.

Plaintiff next argues that Warfield v. Conti, No. 09 Civ. 10371, 2010 WL 2541168 (S.D.N.Y. June 8, 2010), stands for the proposition that the thirty-day period begins when the defendants are informed of the nature of the plaintiff's alleged injuries. The holding of that case, however, is far narrower than plaintiff suggests. In that case, the plaintiff—after filing a state-court complaint without a demand for a specific sum of damages—sent a letter to the defendants claiming the full policy limits of the defendants' primary insurance and excess from additional insurance policies as damages. The plaintiff, however, did not actually quantify the coverage limits of the defendants' primary policy in this letter. Nonetheless, the Warfield court held that the letter constituted a "paper" sufficient to trigger the thirty-day filing period under Section 1446(b), since the defendants knew the primary policy covered up to $300,000 in liability. See id. at *3. No such circumstances are present in the case at bar.

In summary, plaintiff's complaint does not contain sufficient information to allow defendants to reasonably ascertain the removability of the case. Defendants first received such information in plaintiff's written response on

March 28, 2011 to defendant's supplementary demand for total damages sought. Since defendants filed their notice of removal twenty-nine days after receiving this paper, and removal to this court is otherwise appropriate, defendants properly removed this action pursuant to 28 U.S.C. § 1446.

### Conclusion

For the foregoing reasons, plaintiff's motion to remand is denied. This opinion resolves the motion listed as document number 5 on the docket.

Dated:  New York, New York
      December 1, 2011

Thomas P. Griesa
U.S.D.J.